IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHERINE L. MANNING, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0078-WS-C |
| | ) |
| LIFEGUARD AMBULANCE SERVICE | ) |
| OF ALABAMA, L.L.C., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on the defendant's motion to dismiss. (Doc. 6). The parties have filed briefs in support of their respective positions, (Docs. 6, 16, 17), and the motion is ripe for resolution.

The complaint contains two causes of action, both based on the plaintiff's termination on the basis of her sexual orientation. Count One is asserted under Title VII and Count Three[1] under Section 1981.

As the defendant points out, neither Title VII nor Section 1981 provides legal protection against discrimination based on sexual orientation. The plaintiff concedes that the "[d]efendant's motion appears to be well-taken …." (Doc. 16 at 1). Accordingly, the motion to dismiss is due to be granted.

The plaintiff requests an opportunity to file an amended complaint "asserting viable causes of action, or otherwise dismissing this matter." (Doc. 16 at 1). The defendant objects, on the grounds that: (1) the plaintiff should have pled a proper claim initially; and (2) amendment would be futile. (Doc. 17 at 1-3).

Because no Rule 16(b) scheduling order has been entered, the plaintiff need satisfy only Rule 15(a), which provides that "[t]he court should freely give leave

---

[1] The complaint skips Count Two.

when justice so requires."  Leave to amend should be given under this rule "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (internal quotes omitted). The burden is on the defendant to establish one or more of these exceptions to the bias favoring amendment.[2]

As to delay, "the mere passage of time is not enough to deny a motion to amend …."  *Burns v. Winnebago Industries, Inc.*, 492 Fed. Appx. 44, 46 (11th Cir. 2012) (citing *Loggerhead Turtle v. County Council of Volusia County*, 148 F.3d 1231, 1256-57 (11th Cir. 1998)); *accord Hester v. International Union of Operating Engineers*, 941 F.2d 1574, 1578-79 (11th Cir. 1991).  In *Loggerhead Turtle*, the plaintiffs moved to amend on October 27, based on an exhibit they had attached to a motion for preliminary injunction in late July.  148 F.3d at 1235, 1256.  The Eleventh Circuit held that the trial court's decision to deny the plaintiffs leave to amend based on undue delay was an abuse of discretion.  *Id.* at 1236, 1257.  The Court concluded that, where the plaintiffs sought leave to amend within the time provided by the Rule 16(b) scheduling order, "[a]t most, their failure to request leave to file an amended complaint in late July instead of October supports a finding of 'delay,' not 'undue delay' or 'dilatory' action."  *Id.* at 1256-57.  The Eleventh Circuit cases upholding denials of leave to amend based

---

[2] *Spanish Broadcasting System, Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) ("The Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial ...."); *accord Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 623 (11th Cir. 1983).

on undue delay involve delays measured in years and/or extending beyond key deadlines.[3]

The plaintiff here sought leave to amend promptly after the defendant's motion to dismiss pointed out the need, and a full month before even a Rule 26 report was required. (Doc. 13). In light of these circumstances and the cases cited above (none of which – nor any other – have been cited by the defendant), the plaintiff cannot seriously be accused of engaging in undue delay.

As to futility, the defendant simply posits that the plaintiff belongs to no protected class. (Doc. 2). This is a remarkable proposition, given that each human being possesses a gender, a race and an ethnicity, all of which are protected classes under Title VII, with the latter two also protected classes under Section 1981. As the defendant correctly notes, (Doc. 17 at 2), amendment is futile if "the complaint as amended is still subject to dismissal." *Hall v. United Insurance Co.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (internal quotes omitted). But whether the plaintiff can, consistent with Rule 11, assert a claim not subject to dismissal is a question the resolution of which must await the propounding of an amended complaint. Contrary to the defendant's belief, the plaintiff was not required to submit a

---

[3] *See, e.g., Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (seven weeks after close of discovery, after dispositive motions filed); *Florida Evergreen Foliage v. E.I. DuPont de Nemours & Co.*, 470 F.3d 1036, 1040-41 (11th Cir. 2006) ("years" after complaint filed, and after several dispositive motions and certified questions were resolved, and during interlocutory appeal); *Andrx Pharmaceuticals, Inc. v. Elan Corp.*, 421 F.3d 1227, 1237 (11th Cir. 2005) (over a year after complaint filed); *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1214, 1218 (11th Cir. 2004) (over a year and a half after complaint filed, and six months after the deadline for amendments); *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1275 (11th Cir. 2001) (well over a year after complaint filed, and long after the deadline for amendments); *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) (over a year after complaint filed, and eight months after the deadline for amendments); *Jennings v. BIC Corp.*, 181 F.3d 1250, 1258 (11th Cir. 1999) (almost three years after complaint filed, and five months after the deadline for amendments); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (over three years after complaint filed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (over five years after complaint filed, and after discovery ended and dispositive motions filed); *Hester*, 941 F.2d at 1578-79 (over two years after complaint filed).

proposed amended complaint as a condition precedent to being given time to file one.

    For the reasons set forth above, the motion to dismiss is **granted**.  The complaint is **dismissed**.  The plaintiff's request for leave to file an amended complaint, construed as a motion for such relief, is **granted**.  The plaintiff is **ordered** to file her amended complaint, if any, on or before **July 19, 2013**, failing which the Court will enter final judgment in favor of the defendant.

    DONE and ORDERED this 5th day of July, 2013.

                                      s/ WILLIAM H. STEELE
                                      CHIEF UNITED STATES DISTRICT JUDGE